## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ELHADJ ALPHA MAHMOUD SOUARE | ) ) ) | CASE NO:  5:25-cv-00698 |
| Plaintiff, | ) ) | JUDGE JOHN ADAMS |
| v. | ) ) | **OPINION AND ORDER** |
| ELIZA HILL, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

*Pro se* plaintiff Elhadj Alpha Mahmoud Souare ("Souare") filed this action against Eliza Hill, Pam Reid, Jeans Dietz, and two Jane Does (collectively, "Defendants"), all employees of the courts of Summit County, for civil rights violations pursuant to 42 U.S.C. § 1983, defamation, and "intimidation and retaliation." Doc. 1. Souare seeks compensatory and punitive damages and an injunction directing Defendants to correct their court practices and provide Souare with a custody hearing. For the following reasons, this action is dismissed.

### I. BACKGROUND

The Complaint is disorderly, making it difficult to discern the nature of Souare's claims. However, it appears that Souare challenges a magistrate judge's conduct and opinions during a custody proceeding. Doc. 1 at p. 6. Further, he appears to allege that Pam Reed, Jeans Dietz, and at least one Jane Doe court employee did not communicate with him fairly when they were carrying out court policy, such as educating him on court

procedures. *Id.* Souare asserts that Defendants have deprived him of his Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 and defamed him in the court's decision denying his custody application.

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court is required, however, to review a *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and is permitted to dismiss it if it fails to state a claim upon which relief can be granted. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. LAW AND ANALYSIS

#### a. The § 1983 Claims

Souare has named several employees of the Summit County court system in this case. Doc. 1. His allegations revolve solely around the court's processing and decisions regarding his custody application. Doc. 1. However, judicial officers and court employees are absolutely immune from § 1983 suits for damages that stem from decisions made from the bench or actions taken in the course of presiding over a case. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Barnes v. Winchell*, 105 F. 3d 1111, 1115 (6th Cir. 1997); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.") Souare alleges his rights were violated when a court employee instructed him to complete and file a form to avoid dismissal of his case and the magistrate judge's decision concluded that he was not capable of caring for a child. Doc. 1. The allegations against these court officers concern the execution of court policy [it is generally expected that forms be complete upon filing] and decisions made in their official capacities in the course of Souare's custody proceedings. The individuals are, therefore, immune from damages in this case under § 1983.

Further, even if Souare had identified a defendant who could be sued under § 1983, his claims fail as a matter of law. Federal law employs only the Supreme Court to

review "final judgments or decrees rendered by the highest court of a state." 28 U.S.C. § 1257. The well-settled implication of this is known as the Rooker-Feldman doctrine, which prevents an unsuccessful litigant in state court from circumventing the state's judgment through federal review. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). However, the Rooker-Feldman doctrine does not deny a federal court jurisdiction over a federal claim that is independent of a state court judgment. *Exxon* at 293. Therefore, it is necessary to determine the source of the injury. Here, based on the facts alleged and the requested relief, the source of the injury appears to be the county court's decision denying Souare's custody application, which he wants this Court to declare as void. Accordingly, the Rooker-Feldman doctrine applies to Souare's § 1983 claims and the Court lacks subject matter jurisdiction to relieve him of the effects of the Summit County judgments.

Souare's claims (Counts One, Two, and Four) pursuant to § 1983 are dismissed.

**b. The Tort Claims**

Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir.2009). There is no basis to depart from this general rule here, and the Court declines to exercise supplemental jurisdiction over Souare's remaining claims (Counts Three and Five).

4

**IV. Conclusion**

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Date: May 27, 2025          */s/ John R. Adams*
                                         JUDGE JOHN R. ADAMS
                                         UNITED STATES DISTRICT COURT